

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-14-2006

# USA v. Rosado

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1128

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"USA v. Rosado" (2006). 2006 Decisions. Paper 903.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/903

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1128
_____

UNITED STATES OF AMERICA

v.

LUIS ROSADO
a/k/a MANUEL ROSADO
a/k/a MANDO

Luis Rosado,
            Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00509-2)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2006

Before:  FISHER, ALDISERT and LOURIE,[*] *Circuit Judges*.

(Filed June 14, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

_____

        [*]The Honorable Alan D. Lourie, United States Circuit Judge for the Federal
Circuit, sitting by designation.

Despite the presence of an appellate waiver provision in his plea agreement, Luis Rosado appeals from the District Court's imposition of a 144 month sentence following his guilty plea to one count of distributing cocaine base. Because we find that Rosado knowingly and voluntarily waived his right to appeal his sentence, we will dismiss the appeal.

I.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to our conclusion. On August 24, 2004, Rosado pleaded guilty to one count of distribution of cocaine base pursuant to a written plea agreement he entered into with the Government. The agreement contained a broad appellate waiver provision, under which Rosado could appeal his sentence only in three narrow circumstances: (1) if his sentence exceeded the applicable statutory maximum; (2) if the sentencing judge erroneously departed upward from the otherwise applicable sentencing guideline range; or (3) if the government appealed from the sentence. During the change of plea hearing, Rosado acknowledged to the District Court that the appellate waiver provision was an essential term of his plea agreement. The District Court thereafter determined that Rosado's plea was knowing and voluntary, and supported by evidence as to each element of the offense.[1] As a result, the court accepted Rosado's guilty plea to count one.

---

[1]Rosado does not challenge on appeal any findings the District Court made at the change of plea hearing.

After the probation office prepared a presentence investigation report, the District Court conducted a sentencing hearing on January 6, 2005. The District Court agreed with the probation office that Rosado had an offense level of 34 and a criminal history category of VI. As a result, Rosado was subject to a sentencing guideline range of 262 to 327 months imprisonment. *See* U.S. Sentencing Guidelines Manual ch. 5, pt. A (2004). The District Court subsequently granted the government's motion for a downward departure on the basis of Rosado's substantial assistance, and ultimately sentenced Rosado to 144 months imprisonment.[2]

## II.

We apply a *de novo* standard of review when determining the validity of a guilty plea agreement containing a waiver of appellate rights. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001). We will uphold Rosado's waiver if he knowingly and voluntarily waived his appellate rights, unless giving force to the waiver would work a "miscarriage of justice." *Id.* at 563.

Rosado essentially argues that his sentence should be vacated and remanded because the District Court erroneously used the mandatory guidelines range as the starting point from which to downward depart. The government concedes that Rosado would ordinarily be entitled to a *Booker* remand, *see United States v. Davis*, 407 F.3d 162 (3d

---

[2]The District Court also sentenced Rosado to five years supervised release and imposed a fine in the amount of $2,000.00.

Cir. 2005) (en banc), but argues that we lack appellate jurisdiction because Rosado's plea agreement contained a valid appellate waiver provision. We agree.

In our recent decision in *United States v. Lockett*, 406 F.3d 207, 212-14 (3d Cir. 2005), we held that a criminal defendant who executed an appellate waiver as part of his guilty plea agreement was not entitled to resentencing in the wake of *Booker*. In *Lockett*, the defendant voluntarily waived his appellate rights in connection with a signed guilty plea agreement. After the District Court imposed sentence, the Supreme Court issued its decision in *Booker*. The defendant urged us on appeal to vacate his sentence notwithstanding the appellate waiver provision because the holding in *Booker*, rendering the guidelines advisory, was unanticipated. We rejected this argument on the basis that "[t]he possibility of a favorable change in the law occurring after a plea agreement is merely one of the risks that accompanies a guilty plea." *Id.* at 214. *See also United States v. Bradley*, 400 F.3d 459, 463-66 (6th Cir. 2005); *United States v. Sahlin*, 399 F.3d 27, 30-31 (1st Cir. 2005); *United States v. Rubbo*, 396 F.3d 1330, 1334-35 (11th Cir. 2005).

Similarly, we lack appellate jurisdiction in this case to vacate Rosado's sentence. Rosado acknowledged at his change of plea hearing that his plea agreement contained an express waiver of appellate rights. The District Court determined that Rosado knowingly and voluntarily waived those rights and pleaded guilty, a finding that Rosado has not appealed. In addition, Rosado's appeal is not premised on any of the narrow exceptions enumerated to in the plea agreement. Rather, his sole ground for appeal rests on the

4

District Court's employment of a then-mandatory guidelines regime as a fixed point from which to apply a downward departure. Our decision in *Lockett*, however, clearly forecloses Rosado's argument that *Booker* renders involuntary an otherwise valid appellate waiver.

For these reasons, we will dismiss Rosado's appeal as inconsistent with the appellate waiver in his guilty plea agreement.